(80 South. 841)

MORRIS v. MORRIS. (6 Div. 839.)

(Supreme Court of Alabama. Jan. 16, 1919. Rehearing Denied Feb. 6, 1919.)

1. GUARDIAN AND WARD ⬤161—ACCOUNTING—EXCEPTIONS.

The Supreme Court cannot review the correctness of allowance of an item to the guardian on final account, where no objection was made and no exception reserved to allowance at the time of the hearing or at the time of rendition of decree.

2. GUARDIAN AND WARD ⬤161 — ACCOUNTING—DECREE—EXCEPTIONS.

Although no minute entry or note or memorandum was made at time of rendition of decree on final account allowing an item to guardian, an exception to allowance of item made several days thereafter, but before a memorandum or decree had been signed, was not in time.

3. EQUITY ⬤431—DECREE — OPERATION—DATE.

While a judgment or decree may be shown only by the record, it dates from the day it was actually rendered, and not from the date it was made a matter of record.

Appeal from Probate Court, Blount County; E. G. Alldredge, Judge.

In the matter of the final accounting of J. B. Morris, guardian of Reedy H. Morris. From decree rendered on final accounting, the ward appeals. Affirmed.

Kelton & Son, of Oneonto, for appellant. Russell & Johnson, of Oneonto, for appellee.

MAYFIELD, J. This is an appeal from a decree in the probate court. The decree was rendered on the final settlement of the accounts of appellee as guardian of the estate of appellant, his ward.

[1, 2] The only matter complained of is the allowance of a credit of $150. This allowance cannot be reviewed for the reason, no objection was made, no exception reserved to its allowance at the time of the hearing, nor at the time of the rendition of the decree passing and allowing the account. The record proper shows that the hearing and rendition of the decree was had on April 22, 1918. The only attempt or effort to show any objection or exception is in the bill of exceptions, and reads as follows:

"After the evidence had been introduced, the judge of probate stated orally in open court that he would allow said guardian credit for both items, No. 6 and No. 10; said item voucher No. 6 being the contested item for $150. There was no memorandum or order then made of said finding or action of the court. The said Reedy Morris appeared before the court on the 11th day of May, 1918, and the April, 1918, term of the probate court which had not been continued or adjourned by any order of the court, and before any decree, or memorandum for a decree, was made or signed by the court, and before the decree in this cause bearing date of 22d day of April, 1918, was signed by the court and then and there duly excepted to the order or decree of the court allowing the guardian credit for the sum shown by voucher No. 6, for $150."

This we hold is insufficient to authorize a review by us on appeal; in fact, no exception. The trial court was then without power to allow or disallow the attempted exception. The matter had then passed from the control of the court or judge who allowed it. The guardian was not shown to have been present, and, if the trial court had disallowed the item, the guardian could not have objected or excepted. The proceeding would have been an unwarranted ex parte proceeding.

[3] Appellant seems to be of the opinion that because at that time there was no minute entry, or even note or memorandum, of the judgment or decree, the exception was in time. This is not the law. The date of the judgment is the date of its rendition, and not the day it is entered on the minutes, or the date a note or memorandum thereof is made. There is no dispute that the true date of the judgment or decree is shown by the minute entry, and shown to be April 22, 1918, and not May 11th, nearly a month thereafter. The minute entry is only evidence of the judgment; it is not the judgment of the court. It is very true that a judgment or decree of a court of record can be shown only by record, and by the record proper; yet it is merely evidence of what the judgment is, and dates from the day it

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was actually rendered, and not the date it was made a matter of record.

The very question here involved and decided, was decided by this court at the present term, and this case could be well decided and disposed of on the authorities there cited. See the case of Russell, Adm'r, et al. v. McPherson, ante, p. 310, 80 South. 392, put out November 28, 1918, which cites and reviews the authorities on the subject.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.